# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DEBORAH A. MORTON | § |
| | § |
| v. | § |
| | §  Case No. 2:17-cv-553-RSP |
| COMMISSIONER, SOCIAL | § |
| SECURITY ADMINISTRATION | § |

## MEMORANDUM RULING

On April 20, 2016, Administrative Law Judge Donald R. Davis issued a decision finding that Petitioner Deborah Annette Morton was not disabled within the meaning of the Social Security Act from September 10, 2010 through the date of the decision. Ms. Morton, who was 58 with a high school education and one year of college at that time, was found to be suffering from severe impairments consisting of diabetes, insulin resistance syndrome, degenerative joint disease, obesity, osteoarthrosis, arthritis, anxiety, depression, hypertension, hyperlipidemia, and cardiomegaly. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least September 10, 2010, except for an early unsuccessful work attempt. Her past relevant work was as a clerk in an accounting department, opening large trays of mail and running the enclosed checks through a processing machine. The ALJ, relying upon the vocational expert, classified this job as a Clearinghouse Clerk.

After reviewing the medical records and receiving the testimony at the February 18, 2016 video hearing, the ALJ determined that Petitioner had the residual functional capacity to perform a restricted range of light work as defined in the Social Security regulations--which involves lifting and/or carrying 20 pounds occasionally and 10 pounds frequently, standing and walking up to six

1

hours, and sitting up to six hours, in an eight-hour workday. She can only occasionally climb ramps, stairs, ladders, ropes and scaffolds, and balance, stoop, kneel, crouch, and crawl. She is restricted to work for only two-hour intervals between breaks but can sustain a full 8-hour workday. She cannot engage in fast pace, assembly line work.

Based on the testimony of a vocational expert witness, Sugi Y. Komarov, the ALJ determined that Petitioner could perform the requirements of her past relevant work as a clearinghouse clerk. This finding resulted in the determination that Petitioner was not entitled to either supplemental security income or disability insurance benefits. Petitioner appealed this finding to the Appeals Council, which denied review on June 5, 2017. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into

account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Petitioner raises three issues on this appeal:

> 1. The ALJ's decision is not supported by substantial evidence; the ALJ erred by failing to fully and fairly develop the facts relating to the claim in accordance with Agency policy and Fifth Circuit precedent.
>
> 2. The ALJ erred by failing to have a qualified psychologist or psychiatrist review the record in light of Plaintiff's severe mental impairments.
>
> 3. The ALJ erred by failing to consider Plaintiff's exemplary work history in his credibility assessment

*Issue No. 1:*

As Petitioner points out in her brief, review of this decision is somewhat complicated by the unusual style in which the ALJ both conducted the hearing and wrote his report. In what appears to be an effort to be transparent and easily understood by a layman, the ALJ occasionally writes in the form of a dialog, sometimes answering questions that this specific petitioner did not pose. *See* Dkt. No. 14 at 5 fn. 1. Nonetheless, the Court is able to follow the reasoning of the ALJ.

At various times in the record, the ALJ expressed the belief that additional testing would have been helpful in evaluating Petitioner's complaints. For instance, the benefits of a "work evaluation," a "consultative examination by a physical therapist," and a "vocational counselor" were discussed. Tr. 26, 29, 30, 33. Petitioner points out that the ALJ has a legal obligation to fully and fairly develop the record, and argues that the ALJ failed to do so here because he did not order the services that he felt would have been helpful. At the hearing, the ALJ went as far as to say that "I really don't know whether she could work," and that "the work evaluation includes all that." Tr. 73. Those statements were, of course, before the ALJ had completed his review of the

3

considerable medical record and rendered his opinion. As the Commissioner points out, the ALJ only has a duty to further develop the record if there is not sufficient evidence already of record to allow a proper determination of the claimant's capacity to work. *See Harper v. Barnhart*, 176 Fed.Appx. 562, 566 (5th Cir. 2006). In this case, the ALJ never found, in his final opinion, that he needed the additional resources he discussed to make a proper determination (Tr. 33), nor does the Court find that he did.

It bears emphasizing that Petitioner does not point to any evidence in the record from medical providers, nor has the Court found any, indicating that she does not have the capacity that the ALJ determined she had. The only evidence of such limitations is in Petitioner's own testimony at the hearing.

The ALJ clearly did not fully credit the testimony of the Petitioner as to her limitations. The Commissioner has long conceded that while the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. The Court has also reviewed the transcript of Petitioner's testimony at the hearing. The Court finds that the record supports the ALJ's finding that the Petitioner's complaints of disabling symptoms were not fully credible.

4

The reports of the state agency medical consultants themselves can constitute substantial evidence to support the ALJ's finding. *Bordelon v. Astrue*, 281 Fed. App'x 418, 422 (5th Cir. 2008). On this record, the findings of Drs. Ligon and Douglas constitute substantial evidence supporting the ALJ's finding as to Petitioner's residual functional capacity.

*Issue No. 2*:

The second issue raised is that the ALJ had an obligation on this record to have a consultation by a psychologist or psychiatrist. The ALJ did find that Petitioner had severe impairments of anxiety and depression. Petitioner argues that Social Security Regulation 96-6P requires the ALJ to obtain the opinion of a physician or psychologist to assess whether a claimant's mental impairments are equivalent to a listing. Dkt. No. 14 at 13. However, Petitioner has never asserted in this case that her mental impairments meet or equal any listing. *See Cobb v. Berryhill*, 2017 WL 6492078 (N.D. Tex. Nov. 29, 2017). Since that is a step three determination, and the claimant bears the burden at that step, it is fair to put the burden on Petitioner in this case to have raised the issue. As noted by the ALJ, and as shown in the Disability Determination Explanation (Tr. 98-107), Petitioner did not claim any mental impairment including anxiety or depression when her claim was filed, or at any time until a few months before the hearing. She did not obtain any treatment for those conditions and merely discussed them with her primary care physician, Dr. Holland, as a "new problem" during her June 18, 2015 visit. Tr. 498. Even as late as Dr. Holland's last examination of Petitioner on December 21, 2015, less than two months before the hearing, his notes show a completely normal psychological exam: "alert and cooperative; normal mood and affect; normal attention span and concentration." Tr. 517. Petitioner does not point to any

5

evidence in the record that could support a finding that Petitioner meets or equals any listing regarding mental impairments.

SSR 96-6p does require that the ALJ give proper consideration to the opinions of any State agency medical and psychological consultants on the issue of medical equivalence to a listing. *See* SSR 96-6p, 1996 WL 374180 (July 2, 1996). The ALJ noted that the state agency consultants did not find that any listing was met. Tr. 22. The regulation only requires the ALJ to obtain an additional report from a medical expert in two circumstances: (1) "in the opinion of the administrative law judge" the medical record "suggest[s] that a judgment of equivalence may be reasonable" and (2) when additional medical evidence is received (after the initial review by state agency consultants) that "in the opinion of the administrative law judge" might change the finding below of no equivalence. *Id*. Neither of these circumstances is present here. The regulation also emphasizes that the ALJ "is responsible for deciding the ultimate legal question whether a listing is met or equaled."

Petitioner argues that the regulations require the ALJ to obtain the services of a psychologist or psychiatrist to determine equivalence. However, the regulation cited (§404.1520a) merely requires the ALJ to employ the "special technique" to rate the degree of functional limitation in four broad functional areas. The ALJ expressly employed this special technique at pages 12 – 15 of his opinion. Tr. 23 – 26. The ALJ then took account of these limitations in making his RFC determination, namely the requirement of breaks every two hours and avoiding fast pace, assembly line work. Petitioner has not shown error in this result.

*Issue No. 3:*

Petitioner's final argument is that the ALJ erred by failing to consider the fact that she had recorded substantial gainful activity every quarter from 1990 to 2010. This fact weighs in favor of her credibility, without question. However, the ALJ clearly considered her history. "With regard to work history …. claimant appears willing to work as many hours during a workweek as the impairments will allow …. the desire to work favors the claimant's application." Tr. 29. The ALJ's treatment of this issue was not error.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action will be dismissed.

**SIGNED this 14th day of August, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE